**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANNON WARNER ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| **vs.** ) | |
| ) | |
| ADMIN RECOVERY, LLC ) | **JURY TRIAL DEMANDED** |
| ) | |
| **&** ) | |
| ALLIANT CAPITAL MANAGEMENT, ) | |
| LLC ) | |
| ) | |
| **Defendants** ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Shannon Warner, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendants and respectfully avers as follows:

## I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Shannon Warner, (hereinafter, Plaintiff), is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as relief from Invasion of Privacy by Intrusion Upon Seclusion.

## II.    <u>JURISDICTION</u>

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.    Venue in this District is proper in that the Defendant, Admin Recovery, maintains a primary location in this District.

## III.    <u>PARTIES</u>

4.    Plaintiff, Shannon Warner, (hereafter, Plaintiff) is an adult natural person residing at 2518 S. 14th Street, Springfield, IL 62703.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5.    Defendant, Admin Recovery, LLC, (hereafter, Defendant, Admin) at all times relevant hereto, is and was a limited liability company, engaged in the business of collecting debt within but not limited to the States of New York and Illinois, with a principal place of business located at 45 Earhart Drive, Suite 102, Williamsville, NY 14221.

6.    Defendant, Alliant Capital Management, LLC, (hereafter, Defendant, Alliant) at all times relevant hereto, is and was a limited liability company, engaged in the business of collecting debt within but not limited to the States of New York and Illinois, with a principal place of business located at 3840 East Robinson Road, Amherst, NY 14228.

7.      Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.      FACTUAL ALLEGATIONS

8.      In or around November, 2014, Plaintiff filed suit against Defendant, Admin Recovery, for collection violations, specifically by an agent, "Justin Carlson", in the attempted collection of an alleged past due loan.

9.      The loan was said to be owned originally by Spotloan.com.

10.      At that time, Defendant, Admin Recovery, stated that the Plaintiff owed a balance in full of $1,066.54.

11.      Defendant, Admin Recovery's, agent, "Justin Carlson", claimed that the Plaintiff already had a lawsuit filed against her and falsely accused her of making "bad payments".

12.      The outcome of Plaintiff's lawsuit against Defendant, Admin Recovery, in or around February, 2015, included that Admin Recovery would eliminate any and all of the remaining balance on this alleged debt.

13.      Plaintiff heard nothing further on this account for nearly five (5) months.

14.      On or about July 13, 2015, Plaintiff received a call from a male agent of Defendant, Alliant Capital, informing her that they had received the account from Defendant, Admin Recovery, to collect upon.

15.      Plaintiff was told by Defendant, Alliant, that she still owed the full balance of $1,066.54.

16.     Plaintiff informed the male agent that the account had been handled with Defendant, Admin Recovery, and that the debt balance was to be removed.

17.     During Defendant, Alliant's initial call with the Plaintiff, they informed her that it would be her responsibility to prove that she no longer owed on the account.

18.     Plaintiff was urged to send Defendant, Alliant, all of her documentation from her case with Defendant, Admin Recovery.

19.     On or about July 15, 2015, Plaintiff received an initial letter from Defendant, Alliant, asking her to make immediate contact to set up payment on this account.

20.     Defendant, Admin Recovery, is showing clear disregard for their agreed upon settlement with the Plaintiff, as they continue to pass the account along in an effort to maintain collection on this account.

21.     As a direct consequence of Defendants acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.     The Defendants knew or should have known that their actions violated the FDCPA.  Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23.     Defendants conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

24.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

25.     At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

*Plaintiff v. Both Defendants*

26.     The above paragraphs are hereby incorporated herein by reference.

27.     At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§1692d:          Any conduct that natural consequence of which is to harass, oppress or abuse any person

§§1692d(5):      Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§ 1692e:         Any other false, deceptive or misleading representation or means in connection with the debt collection

§§ 1692e(10):      Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f:      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendants, Admin Recovery, LLC, and Alliant Capital, for the following:

a.      Actual damages;

d.      Statutory damages pursuant to 15 U.S.C. §1692k;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

*Plaintiff v. Both Defendants*

29.      The above paragraphs are hereby incorporated herein by reference.

30.      The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31.     Illinois recognizes Plaintiff's rights to be free from invasions of privacy, thus Defendant violated Illinois state law.

32.     Defendants intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

33.     The telephone calls made by Defendants to Plaintiff was so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff," and "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

34.     The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

36.     Defendants acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a.      Actual damages from Defendants for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

c.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.


                                    **Respectfully submitted,**

                                    **VULLINGS LAW GROUP, LLC**

**Date: September 2, 2015**              **BY :  _/s/  Brent F. Vullings_**
                                    Brent F. Vullings, Esquire
                                    Vullings Law Group, LLC
                                    3953 Ridge Pike
                                    Suite 102
                                    Collegeville, PA  19426
                                    610-489-6060
                                    610-489-1997 fax
                                    bvullings@vullingslaw.com
                                    Attorney for the Plaintiff